**Charles P. McCURDY, Jr., and Harriett Shaw McCurdy, Appellants,**

v.

**Asher Louis WHEELER, Appellee.**

**No. 13156.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 24, 1956.

Decided June 7, 1956.

a nullity," and did not re-establish the right of way. We agree.

The easement was also held by the District Court to have been extinguished by the merger of estates, and with this view we also agree.

Affirmed.

**Harry KELLEY, Appellant,**

**v.**

Mr. Mark P. Friedlander, Washington, D. C., for appellants.

Mr. Eugene L. Goodridge, Washington, D. C., with whom Mr. Gregory Hankin, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, Chief Judge, and BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

The question on this appeal is whether a deed from certain persons (other than the appellants), conveying a certain lot to the appellee "subject to a right of way as granted by deed recorded * * * (in) the Land Records of the District of Columbia" re-established that right of way, which easement had been extinguished prior to the date of the conveyance by adverse user.[1]

The District Court held that "the notation of said easement of record in the deed * * * to plaintiff [appellee] was

---

1. The right of way had been blocked by a metal garage for nearly thirty years, thus denying access to the dominant estate.